# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CHAUNCY WILLIAMS,<br>*Plaintiff*<br><br>v.<br><br>THE HONORABLE TAMARA NEEDLES, STATE OF TEXAS/TRAVIS COUNTY DISTRICT ATTORNEY'S OFFICE, MARK SAMPSON, and DON MOREHART,<br>*Defendants* | §<br>§<br>§<br>§<br>§     Case No. 1:23-CV-00341-RP-SH<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed March 27, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether this case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

## I.   Background

In Cause No. D-1-DC-20-203363, Plaintiff Chauncy Williams was convicted in Texas state criminal court of assault family violence causing bodily injury. *State of Texas v. Chauncy*, No. D-1-DC-15-203363 (427th Dist. Ct., Travis County, Tex. Nov. 13, 2017); *Williams v. Texas*, No. A-

22-CV-345-RP, 2022 WL 1121426, at *1 (W.D. Tex. Apr. 13, 2022) ("*Williams*").[1] A jury assessed Plaintiff's punishment at 365 days in the Travis County Jail and a $4,000 fine, with a recommendation that the sentence be suspended. *Id.* The district court rendered judgment on the jury's verdict and suspended Plaintiff's sentence for twelve months. *Id.* Plaintiff appealed, and the Texas Third Court of Appeals affirmed his conviction and sentence on July 23, 2019. *Williams v. State*, No. 03-17-00764-CR, 2019 WL 3294583 (Tex. App. July 23, 2019). On April 5, 2022, the state court discharged Plaintiff from his term of probation. *Williams*, 2022 WL 1121426, at *1.

In Cause No. D-1-DC-20-200940, Plaintiff was charged with two counts of aggravated assault with a deadly weapon for an offense committed on February 8, 2020. *State of Texas v. Chauncy*, No. D-1-DC-20-200940 (427th Dist. Ct., Travis County, Tex. Feb. 8, 2020). On February 1, 2022, Plaintiff pled guilty to one count of aggravated assault with a deadly weapon. *Id.* On April 5, 2022, the state district court sentenced Plaintiff to three years deferred adjudication, ordered Plaintiff to forfeit his firearm, have no contact with the victim, and seek treatment and counseling. *Id.* Plaintiff did not file a direct appeal of his conviction and sentence.

In Cause No. D-1-DC-20-200941, Plaintiff was charged with tampering with or fabricating physical evidence with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. *State of Texas v. Chauncy*, No. D-1-DC-20-200941 (427th Dist. Ct., Travis County, Tex. Feb. 8, 2020). This case was dismissed on April 5, 2022, because Plaintiff pled guilty to the aggravated assault charge in Cause No. D-1-DC-20-200940. *Id.*

On April 4, 2022, Plaintiff filed a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to overturn his conviction and sentences in these criminal cases. No. 1:22-CV-00345-RP at Dkt. 1. Plaintiff alleged that the police, prosecutor, and judge overseeing his criminal proceedings violated

---

[1] The Court may take judicial notice of Plaintiff's state court criminal cases. *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 666 n.11 (5th Cir. 2022).

his First, Fourth, Fifth and Fourteenth Amendment rights. On April 13, 2022, the District Court dismissed Plaintiff's § 2241 Petition for failure to exhaust his state court remedies and entered a final judgment. *Id.* at Dkts. 4-5. Plaintiff did not file an appeal.

On February 10, 2023, Plaintiff filed a civil rights suit under 42 U.S.C. § 1983 against Adrianne Pernell, Williams County Court at Law Judge Brandy Hallford, Williamson County prosecutor Jessica Morrison, and attorney Sharlann Roe. *Williams v. Pernell*, 1:23-CV-00164-RP (W.D. Tex. Feb. 10, 2023). In that suit, Plaintiff claimed that Pernell made false allegations of domestic violence leading to his eviction, and that the state officials overseeing his case violated his due process rights. *Id.* at Dkt. 1. On February 28, 2023, this Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's suit be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) because his claims were barred by judicial immunity. Dkt. 5. On March 27, 2023, Plaintiff filed an Amended Complaint adding Williamson County and several other defendants to the case. *Id.* at Dkt. 7. That case remains pending before the District Court.

On March 27, 2023, Plaintiff filed this civil rights suit under § 1983 against the State of Texas/ Travis County District Attorney's Office ("TCDA"), Travis County Criminal District Judge Tamara Needles, and private attorneys Mark Sampson and Don Morehart, alleging violations of his First, Second, Fourth, Fifth, Seventh, and Fourteenth Amendment rights. Dkt. 1 at 3. Plaintiff alleges that Defendants violated his constitutional rights in his criminal proceedings in Cause Nos. D-1-DC-20-200940 and D-1-DC-20-203363 by denying his free speech rights, committing unlawful searches and seizures, using excessive force, falsely imprisoning him, maliciously prosecuting him, and denying him a fair trial. *Id.* at 4-5. Plaintiff seeks $5 million in damages and asks the Court to "set aside" his criminal convictions. *Id.* at 5.

## II.     Application to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court after this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## III.     Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute is meant to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

4

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

This Court recommends that Plaintiff's lawsuit be dismissed as frivolous for the following reasons.

**A. Judicial Immunity**

Plaintiff alleges that Judge Needles violated his First, Fourth and Fourteenth Amendment rights during a hearing by "committing treason upon her Oath of Office" and falsely imprisoning and charging him with criminal contempt. Dkt. 1 at 4.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity applies to lawsuits brought under 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity can be overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted). Factors determining "whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).[2] A judge acts in "the

---

[2] In *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), the Fifth Circuit set forth a four-factor test for determining whether a judge's actions were judicial in nature: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."

complete absence of all jurisdiction" if at the time she took the challenged action she did not have "jurisdiction over the subject matter before [her]." *Id.* at 356-357.[3]

Plaintiff's allegations against Judge Needles all relate to acts performed in her judicial capacity. *See Mireles*, 502 U.S. at 12 ("A judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge."); *Morrison v. Walker*, 704 F. App'x 369, 374 (5th Cir. 2017) (stating that "holding contempt hearings is a normal judicial function"); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (holding that issuance of a show cause order directing defendant to appear in court and an order directing defendant to be imprisoned for thirty days are acts are acts normally performed by a judge); *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir. 1972) (holding that judge was entitled to judicial immunity from plaintiff's false imprisonment claim and challenge to order of contempt); *Toliver v. Braddy*, No. 4:20-CV-132-ALM-CAN, 2021 WL 864894, at *6 (E.D. Tex. Feb. 7, 2021), *R. & R. adopted*, 2021 WL 862299 (E.D. Tex. Mar. 8, 2021) (finding that state judge's actions appointing plaintiff's defense counsel, ordering him detained, and presiding over his criminal proceedings "are clearly judicial functions").

Judge Needles is entitled to absolute judicial immunity from Plaintiff's lawsuit, and the Court recommends that Plaintiff's claims against her should be dismissed. *See Boyd*, 31 F.3d at 285 ("Boyd does not complain of any actions taken by Judge Biggers that were nonjudicial in nature, and his claims against Judge Biggers were therefore properly dismissed with prejudice as frivolous.").

---

[3] The Supreme Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with these examples: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357 n.7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

### B. Claims Against the State and TCDA

Plaintiff names the State of Texas as a defendant but alleges no claims against it. The Eleventh Amendment bars § 1983 claims against the State of Texas. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) ("The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.").

Plaintiff's claims against TCDA also are barred by the Eleventh Amendment. The Fifth Circuit has repeatedly stated that district attorneys in Texas are agents of the state when acting in their prosecutorial capacities and entitled to Eleventh Amendment immunity from monetary damages. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 678 n.8 (5th Cir. 1997).

Plaintiff's claims against TCDA also are barred by prosecutorial immunity. Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in prosecuting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016). A prosecutor remains entitled to absolute immunity even if he or she acted "maliciously, wantonly, or negligently." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019) (cleaned up). "Actions to which prosecutorial immunity applies include professional evaluation of the evidence, initiation of prosecution, interviewing witnesses in preparation for trial, and other actions taken throughout the judicial process." *Id.* Because Plaintiff's claims against TCDA involve the TCDA's duties in prosecuting a criminal case, it is entitled to prosecutorial immunity.

### C. Claims against Sampson and Morehart

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Private individuals generally are not considered to act under color of law" but "may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard*, 413 F.3d at 518.

Mark Sampson and Don Morehart appear to be private attorneys who represented Plaintiff during his criminal case. Plaintiff alleges that they violated his constitutional rights during his criminal proceedings. Plaintiff fails to allege any facts against Sampson, but alleges that "Don Morehart public defender deprived plaintiff of a fair trial by violation of his right to free speech." Dkt. 1 at 4.

Plaintiff's claims against Morehart and Sampson fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff asserts that his attorneys were ineffective but has alleged no facts that they were acting under color of state law. Accordingly, Plaintiff's claims against Morehart and Sampson should be dismissed as frivolous. *See Miles v. Aldredge*, 795 F. App'x 319, 320 (5th Cir. 2020) (affirming dismissal as frivolous of § 1983 claims against "public defenders performing traditional legal functions"); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (affirming dismissal of plaintiff's § 1983 claims against private defense attorneys who represented in criminal proceedings where plaintiff alleged "nothing more than professional malpractice").

### D.  *Heck v. Humphrey*

Finally, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87. *Heck* also bars claims for injunctive relief. *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) ("*Heck* prevents him from raising *any* constitutional claim or seeking any injunctive relief that would result in invalidating, or implying the invalidity of, a conviction or sentence that has not otherwise been reversed, expunged, or called into question."). A § 1983 claim falling under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Plaintiff alleges that his criminal judgments should be "set aside" because Defendants conducted unlawful searches and seizures, used excessive force, falsely imprisoned him, maliciously prosecuted him, and denied him a fair trial. Dkt. 1 at 4-5. A judgment for Plaintiff on any of these claims would "imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Because Plaintiff has not alleged that his state convictions have been reversed, invalidated, or otherwise set aside, his claims are *Heck*-barred and are not cognizable under § 1983. *See Morris v. Mekdessie*, 768 F. App'x 299, 302 (5th Cir. 2019) (holding that arrestee's § 1983 claims for false arrest, unlawful seizure, and malicious prosecution were barred under *Heck*); *Connors v.*

*Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (finding that claims of excessive force and unlawful seizure were barred); *Fennell v. Hernandez*, No. A-22-CV-948-LY, 2022 WL 18460769, at *3 (W.D. Tex. Dec. 28, 2022) (finding that false imprisonment and malicious prosecution claims were barred by *Heck*).

For these reasons, Plaintiff's Complaint lacks any basis in law and should be dismissed as frivolous.

## IV.    Order and Recommendation

This Magistrate Judge **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

The Court further **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B) and **WARN** Plaintiff that if he continues to pursue frivolous or malicious lawsuits, the District Court may impose additional sanctions against him, including monetary sanctions and a pre-filing bar.

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

11

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 20, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE